IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VAULTET LLC,**<br><br>　Plaintiff,<br><br>　**v.**<br><br>**COOK'S DIRECT, INC.,**<br><br>　Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Vaultet LLC makes the following allegations against Cook's Direct, Inc.

## PARTIES

2. Plaintiff Vaultet LLC ("Plaintiff" or "Vaultet") is a Texas limited liability company with its principal place of business at 5570 FM 423, Suite 250-2024, Frisco, Texas 75034.

3. On information and belief, Cook's Direct, Inc. ("Defendant" or "Cook's Direct") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 27725 Diehl Rd., Warrensville, IL, 60555.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Defendant is an Illinois Corporation, and, thus, Defendant resides in Illinois. Additionally, acts of infringement have occurred in this District, and Defendant has a regular and established place of business in the District.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,814,009

7. Plaintiff is the owner of United States Patent No. 7,814,009 ("the '009 Patent") entitled "Anonymous On-Line Cash Management System." The '009 Patent issued on October 12, 2010. A true and correct copy of the '009 Patent is attached as Exhibit A.

8. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '009 Patent. The '009 Patent provides, among other things, "A system for anonymously transferring funds electronically between a customer and an on-line merchant comprising: an account seller capable of receiving cash from a customer; a central computer server capable of receiving notification from the account seller of the amount of cash received from the customer, transferring an amount of electronic currency corresponding to the amount that the account seller received from the customer from a bank account of the account seller to a central bank account, generating one or more random account numbers corresponding to said central bank account, storing said one or more account numbers, transmitting said one or more account numbers to said account seller, and authenticating said one or more account numbers when presented by an on-line merchant; and a computer network capable of communicating between said account seller, said central computer server, said bank account of the account seller and said central bank."

9. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '009 Patent, including at least Claim 10, in this district and elsewhere in the United States. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '009 Patent pursuant to 35 U.S.C. § 271.

10. Based on present information and belief, the Defendant utilizes a system that anonymously transfers funds electronically (e.g., Defendant allows a user to transfer funds to an on-line merchant without revealing any information regarding the source account to the merchant by using gift cards or PayPal) between a customer (e.g., a customer making a purchase) and an on-line merchant (e.g., the Defendant). The Defendant sells Gift Cards that can be used on their website. The Defendant also accepts PayPal as a method of payment on their website.

11. On information and belief, the Defendant utilizes an account seller (e.g., the defendant's shopping cart/checkout platform) capable of receiving cash from a customer (e.g., the Defendant's shopping cart/checkout platform allows a user to make payments using gift cards or PayPal, which can be funded by a user's debit card or bank account).

12. On information and belief, the Defendant utilizes a central computer server (e.g., the Defendant's e-commerce server) capable of receiving notification from the account seller (e.g., the Defendant's Shopping Cart/Checkout platform and integrated PayPal API) of the amount of cash received from the customer (e.g., the Defendant's Shopping Cart/Checkout platform and integrated PayPal API will inform the Defendant's e-commerce server of the payment amount). On information and belief, the central computer server (e.g., the Defendant's e-commerce server) also transfers an amount of electronic currency corresponding to the amount that the account seller received from the customer (e.g., the Defendant's e-commerce server will transfer electronic funds corresponding to the amount a customer paid to a gift card's or PayPal balance) from a bank account of the seller (e.g., an intermediary PayPal bank account or gift card balance storage server) to a central bank account (e.g., the Defendant's Bank account and a linked server storing gift card balances).

13. On information and belief, the Defendant generates one or more random account numbers (e.g., gift card numbers) corresponding to said central bank account (e.g., the Defendant's bank account and linked database server that stores gift card balances), storing said one or more account numbers (e.g., the Defendant's database server will store gift card numbers that have been issued). On information and belief, the Defendant also transmits said one or more account numbers (e.g., gift card numbers to said account seller [e.g., Defendant's Shopping Cart/Checkout platform]), and authenticates said one or more account numbers when presented by an on-line merchant (e.g., the defendant will authenticate gift card numbers when they are used at their website to make purchases).

14. Based on present information and belief, the accused system employs a computer network (e.g., the internet) capable of communicating between said account seller (e.g., the Defendant's Shopping Cart/Checkout platform with integrated PayPal API), said central computer server (e.g., the Defendant's e-commerce server), said bank account of the account seller (e.g., PayPal's bank account) and said central bank (e.g., the Defendant's bank account and linked database server storing gift card balances).

15. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

16. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '009 Patent complied with all marking requirements under 35 U.S.C. § 287.

18. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '009 Patent;

2. A judgment and order requiring Defendant to account for and pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '009 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

      Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  August 8, 2017

Respectfully Submitted,
**VAULTET LLC**

/s/ Isaac Rabicoff
Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

Of Counsel:
Papool S. Chaudhari
(*pro hac vice motion pending*)
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

**ATTORNEYS FOR PLAINTIFF
VAULTET LLC**